# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Jannetta Cook, Administratrix of the**
**Estate of Jackie Epperson, deceased,**
**Plaintiff Below, Petitioner**

**vs.) No. 15-0187** (Greenbrier County 11-C-133(R))

**Charmco Riverside, Inc.;**
**Sherri Yearego Gilkeson;**
**and Jime Gilkeson,**
**Defendants Below, Respondents**

**FILED**

January 11, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Jannetta Cook, as Administratrix of the Estate of Jackie Epperson, by counsel Douglas H. Arbuckle, appeals the Circuit Court of Greenbrier County's January 22, 2015, order granting respondents' motion for summary judgment. Respondents Charmco Riverside, Inc., Sherri Yearego Gilkeson, and Jime Gilkeson, by counsel Richard E. Ford Jr. and R. Grady Ford, filed a summary response in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in (1) finding that jurisdiction was improper in Greenbrier County, and (2) granting respondents' motion for summary judgment.[1]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Following his death, the Estate of Jackie Epperson ("the estate") was offered for probate in Nicholas County, West Virginia. In June of 2011, petitioner, on behalf of the estate, filed a complaint in the Circuit Court of Greenbrier County against Respondents. Petitioner claimed that the estate owned a one-half interest in a parcel of real property located in Greenbrier County. Petitioner claimed that respondents owned the remaining one-half interest. Thereafter, respondents filed a motion to dismiss, an answer, and a statement of affirmative defenses.

In April of 2014, following a period of discovery, respondents filed a motion for summary judgment. In that motion, respondents argued that the undisputed facts showed that

---

[1]In her brief to this Court, petitioner raises separate assignments of error as to the circuit court's ruling on summary judgment and its finding that there was no genuine issue of material fact to be tried. As these issues are substantially related, we review them together.

1

petitioner failed to establish a legal interest in the real property at issue. Respondents claimed that petitioner had no written contract or lease to support Mr. Epperson's ownership claim, as required by West Virginia Code § 36-1-3 (often referred to as the "Statute of Frauds"),[2] and that it was undisputed that Mr. Epperson's name did not appear on the deed to that real property.

In June of 2014, petitioner filed a response to respondents' summary judgment motion. In that response, petitioner argued that two of the respondents testified under oath in a family court hearing that Mr. Epperson owned one-half interest in the real property. Petitioner also attached an affidavit by someone who claimed to have knowledge that Mr. Epperson owned a portion of the real property at issue. Based on that evidence, petitioner asked the circuit court to deny the summary judgment motion and let the matter be heard by a jury.

That same day, the circuit court held a hearing on the summary judgment motion. At the conclusion of that hearing, the circuit court found that petitioner failed to produce a writing demonstrating Mr. Epperson's ownership in the real property at issue. Given the undisputed fact that petitioner had no such writing, the circuit court concluded that petitioner's claim failed to satisfy West Virginia Code § 36-1-3. However, the circuit court permitted petitioner to file a memorandum of law within ten days after the hearing to prove that the estate's ownership claim could satisfy the Statute of Frauds' writing requirement.

In late June of 2014, petitioner filed a memorandum claiming that equity demanded that the estate receive one-half interest in the real property based on the testimony of two of the respondents. Petitioner further argued that a family court order contained findings of fact that two witnesses testified that the estate owned one-half interest in the real property. Respondents filed a responsive memorandum several days later. They again argued that the Statute of Frauds barred petitioner's claim and that petitioner failed to overcome summary judgment on that ground based on the undisputed evidence.

By order entered on January 21, 2015, the circuit court granted respondents' summary judgment motion. In that order, the circuit court found that petitioner failed to satisfy the Statute of Frauds because "there was no writing or memorandum supporting [petitioner's] claim that the Estate of Jackie Epperson held an equitable interest in certain real property[.]" The circuit court further found that the estate was offered for probate in Nicholas County, West Virginia, "and that the Circuit Court of Greenbrier County is an improper forum to consider matters pertaining to the Estate of Jackie Epperson, deceased." This appeal followed.

---

[2]West Virginia Code § 36-1-3 provides as follows:

No contract for the sale of land, or the lease thereof for more than one year, shall be enforceable unless the contract or some note or memorandum thereof be in writing and signed by the party to be charged thereby, or by his agent. But the consideration need not be set forth or expressed in the writing, and it may be proved by other evidence.

We have previously held that "'[a] circuit court's entry of summary judgment is reviewed *de novo*.' Syl. Pt. 1, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994)." *Fleet v. Webber Springs Owners Ass'n, Inc.*, 235 W.Va. 184, ——, 772 S.E.2d 369, 373 (2015). Further,

> [i]n conducting our *de novo* review, we are mindful that "[a] motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law." Syl. pt. 3, *Aetna Cas. & Sur. Co. v. Federal Ins. Co. of New York*, 148 W.Va. 160, 133 S.E.2d 770 (1963).

*Id.*

On appeal, petitioner first assigns error to the circuit court's alleged finding that jurisdiction was improper in Greenbrier County. We have explained that "[j]urisdiction deals with the power of the court, while venue deals with the place in which an action may be tried." *Hansbarger v. Cook*, 177 W.Va. 152, 157, 351 S.E.2d 65, 70 (1986) (internal citations omitted). In this case, while petitioner claims that the circuit court made a finding that it lacked jurisdiction, the record on appeal reveals that the circuit court merely commented on the proper venue for "matters otherwise pertaining to the estate[.]" Specifically, the circuit court noted that the estate was probated in Nicholas County. Indeed, contrary to petitioner's argument, the circuit court properly exercised its jurisdiction and ruled on the merits of this case. Therefore, given the record before us, we find no merit to petitioner's first assignment of error.

Petitioner's final assignment of error is that the circuit court erred in granting summary judgment in favor of respondents because "there was a triable issue of fact" that precluded summary judgment. In addition to our standards for de novo review cited above, Rule 56 of the West Virginia Rules of Civil Procedure provides that summary judgment is proper when the record demonstrates "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." W.Va. R. Civ. P. 56(c), in part. Further,

> [s]ummary judgment is appropriate if, from the totality of the evidence presented, the record could not lead a rational trier of fact to find for the nonmoving party, such as where the nonmoving party has failed to make a sufficient showing on an essential element of the case that it has the burden to prove.

Syl. Pt. 2, *Williams v. Precision Coil, Inc.*, 194 W.Va. 52, 459 S.E.2d 329 (1995).

In this case, petitioner claims that Mr. Epperson's half-ownership of the real property was contested, and, as such, a genuine issue of material fact existed. According to petitioner, while respondents claimed that Mr. Epperson did not own any portion of the subject real property, two of the respondents testified in a family court proceeding that he owned one-half interest therein. That issue notwithstanding, the circuit court determined that petitioner failed to present any writing to prove Mr. Epperson's ownership interest in the real property, and, therefore, summary judgment was appropriate. Pursuant to West Virginia's Statute of Frauds, a contract or lease for real property must be "in writing and signed by the party to be charged thereby." W.Va. Code §

36-1-3. The only evidence petitioner produced to establish the estate's ownership interest in the real property was in the form of oral testimony. As it was undisputed that Mr. Epperson had no written contract, lease, or other such instrument evidencing his ownership interest in the real property, we find no error in the circuit court's order that granted summary judgment in favor of respondents. Contrary to petitioner's claim, no genuine issue of material fact existed that precluded summary judgment.

For the foregoing reasons, we find no error in the circuit court's January 22, 2015, order, and we hereby affirm the same.

Affirmed.

**ISSUED**: January 11, 2016


**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

4